UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| David A. Leker, | ) | |
| | ) | Case No.: 3:25-cv-00059-PDW-ARS |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S ANSWER TO** |
| v. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | **AND DEMAND FOR JURY** |
| Fargo Park District, | ) | **TRIAL** |
| | ) | |
| Defendant. | ) | |

Defendant, Fargo Park District, for its Answer to Plaintiff's Complaint, hereby states and alleges as follows:

1. Defendant denies each and every allegation contained in Plaintiff's Complaint except as hereinafter admitted, qualified, and/or explained.

2. That, pending completion of discovery, Defendant hereby asserts and preserves the following defenses pursuant to Federal Rules of Civil Procedure 12(b):

    a. That there is insufficiency of process and service of process;

    b. That the Court lacks jurisdiction over the subject matter of this action and the person of Defendants;

    c. That the Plaintiff has failed to join persons needed for a just adjudication pursuant to Federal Rule of Civil Procedure 19.

**AFFIRMATIVE DEFENSES**

3. Defendant affirmatively alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4. Defendant affirmatively alleges that at all times it acted lawfully, reasonably, fairly, and in good faith, and in a belief that its actions were lawful and proper.

5. Defendant affirmatively alleges that it did not violate any clearly established constitutional rights belonging to the Plaintiff, of which a reasonable person would have known.

6. Defendant affirmatively alleges that it did not act with willful, reckless or deliberate indifference to the constitutional or statutory rights of the Plaintiff. Defendant further affirmatively alleges that it did not act maliciously, fraudulently, or with any intent to harm the Plaintiff or deprive him of any legally protected rights.

7. Defendant affirmatively alleges that it did not deprive the Plaintiff of any constitutional or statutory rights.

8. Defendant affirmatively alleges that it is immune from the claims asserted by the Plaintiff under federal and/or state law including, but not by way of limitations, discretionary immunity, qualified immunity, governmental immunity and/or immunity as provided by Ch. 32-12.1 of the North Dakota Century Code.

9. Defendant affirmatively alleges that Plaintiff's claims for damages are precluded or limited by federal and/or state law.

10. Defendant affirmatively alleges that Plaintiff is without any factual or legal basis to recover punitive damages from Defendant.

11. Defendant affirmatively alleges that Plaintiff is not entitled to relief from Defendant based upon any allegations contained in Plaintiff's Complaint.

12. Defendant affirmatively alleges that Plaintiff's allegations of injuries and damages set forth in his Complaint are overstated and/or are unsupported by fact and/or law.

13. Defendant affirmatively alleges that Plaintiff willingly, voluntarily and knowingly assumed each and every risk and hazard involved in his activities referred to in Plaintiff's Complaint.

14. Defendant affirmatively alleges that any claims asserted by the Plaintiff under state or federal law are barred by the applicable statute of limitations, statute of repose, estoppel or doctrine of laches.

15. Defendant affirmatively alleges that any damages suffered by the Plaintiff were the result of acts or omissions of the Plaintiff. Plaintiff is barred from recovery because Plaintiff's own fault, conduct, acts and/or omissions, exceed the fault, if any, of Defendant. Plaintiff's claims are further barred by the doctrine of unclean hands.

16. Defendant denies that the Plaintiff suffered any damages or harm as a result of any act or omission on Defendant's part.

17. Defendant alleges that Plaintiff's claims are barred, in whole or in part, because all decisions with respect to the Plaintiff's employment were made based upon legitimate and non-discriminatory reasons related to the reasonable conduct of Fargo Park District's activities and business.

18. Defendant affirmatively alleges that any action taken by the Defendant with regard to the Plaintiff's employment was reasonably necessary for operation of its business and was based on legitimate business reasons and not discriminatory or retaliatory animus.

19. Defendant affirmatively alleges that Defendant did not act with any discriminatory motives or intent.

20.     Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because the Defendant exercised reasonable care to prevent and correct any alleged discriminatory and/or retaliatory behavior.

21.     Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, due to the EEOC's failure to endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, reconciliation, or persuasion and/or failed to comply with statutory prerequisites as required by 42 USC § 2000e et seq.

22.     Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because the Plaintiff failed to exhaust all administrative remedies and/or otherwise failed to comply with statutory pre-requisites to the bringing of this action pursuant to Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

23.     Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by his failure to comply with the jurisdictional, procedural, and administrative pre-requisites for filing this action.

24.     Defendant affirmatively alleges that all decisions regarding Plaintiff's job performance and his continued employment with the Fargo Park District occurred in a public meeting as required by law and that any comments, statements, discussions, actions or decisions taken in the public meeting are privileged.

25.     Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because the Plaintiff failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

26. Defendant affirmatively alleges that it has not engaged in any intentional discrimination with respect to the Plaintiff and, therefore, Defendant is not to be liable for the damages sought by the Plaintiff.

27. Defendant affirmatively alleges that Plaintiff is not entitled to the relief sought in Plaintiff's Complaint.

28. Defendant affirmatively alleges that Plaintiff's claims fail as a matter of law because any alleged action or failure to act on the part of the Defendant was not the proximate cause of any injuries to Plaintiff.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

29. Defendant admits the allegations contained in paragraphs 11, 12 and 14 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraphs 3, 4, 13, 17, 18, 19, 20, 22, 24, 31, 32, 35, 36, 38, 39, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, and 53 of Plaintiff's Complaint.

31. Defendant has no knowledge of the allegations contained in paragraphs 11, 22, 23 and 30 of Plaintiff's Complaint and, therefore, deny the same and places the Plaintiff upon his strictest proof thereof.

32. Defendant asserts that the allegations contained in paragraphs 1, 6, 7, 8, 33, 40 and 46 of Plaintiff's Complaint state no claim against Defendant or are conclusory or irrelevant statements, or statements of law such that no answer is required. However, to the extent that an answer is required, Defendant denies such allegations.

33. Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint except, however, admits that Plaintiff was employed by the Fargo Park District for approximately

22 years, including his employment as Executive Director, which was based upon an employment agreement which was effective on February 11, 2020. Under the terms of the employment agreement, Plaintiff was an employee at-will.

34. Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint except, however, admits that Susan Faus was appointed as Executive Director following the termination of the Plaintiff's employment. Ms. Faus is over 40 years old and is a member of one or more protected classes under state and/or federal law.

35. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint except, however, admits that Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission.

36. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint except, however, admits that the EEOC issued a Notice of Right to Sue.

37. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint except, however, admits that the Fargo Park District is a political subdivision existing under the laws of the State of North Dakota with its principal office located at 6100 38th St. S., Fargo, ND 58104. Defendant further admits that it employs 20 or more employees.

38. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint except, however, admits that Plaintiff began working for the Defendant in approximately 1999 and was appointed Executive Director in 2020. Plaintiff's employment as the Executive Director of the Park District's operations was pursuant to an employment agreement with the effective date of February 11, 2020. Under the terms of the employment agreement, Plaintiff was an employee at-will.

39. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint except, however, admits that due to work performance issues, Plaintiff was initially placed upon a Performance Improvement Plan in 2023. Prior to the Performance Improvement Plan, Dave Leker was subject to a Professional Development Focus, dated January 1, 2022, as a follow-up to his 2021 Performance Review.

40. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint except, however, admits that a public meeting held on June 30, 2023, the Fargo Park District Board voted 3 – 2 to terminate Plaintiff's employment. Plaintiff's job performance had also been a topic of discussion at the Park District's June 13, 2023, meeting. At the June 13, 2023, meeting, it was discussed that a Special Board Meeting would be scheduled to discuss information related to Plaintiff's job performance and Performance Improvement Plan.

41. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint except, however, admits that during the special meeting the Board engaged in discussion concerning Plaintiff's job performance, leadership and other employment deficiencies. Plaintiff's job performance had also been a topic of discussion at the Park District's June 13, 2023, meeting. At the June 13, 2023, meeting, it was discussed that a Special Board Meeting would be scheduled to discuss information related to Plaintiff's job performance and Performance Improvement Plan.

42. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint except, however, admits that decisions regarding Plaintiff's employment with the Fargo Park District were, as required by law, conducted in a public meeting and that any comments, statements, discussions, actions or decisions taken in the public meeting are privileged.

43. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint except, however, admits that the Fargo Park District Board's discussion and decision regarding

Plaintiff's employment was, as required by law, conducted in a public meeting and that any comments, statements, discussions, actions or decisions taken in the public meeting are privileged.

44. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint except, however, admits that the Board's meetings are available for public review as a public record maintained in the normal course of business and as required by law.

45. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint except, however, admits that Plaintiff was over 40 years old at the time of his termination.

46. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint except, however, admits that two interim co-directors were appointed following the termination of Plaintiff's employment with the Fargo Park District. Following a competitive process, Susan Faus was appointed as Executive Director. Ms. Faus is over the age of 40 and is a member of one or more protected classes under state and/or federal law.

WHEREFORE, Defendant, Fargo Park District respectfully pray for relief as follows:

1. That Plaintiff's Complaint against it be, in all things, dismissed;

2. That Defendant receives judgment in its favor against Plaintiff;

3. That Defendant be awarded actual or statutory costs, or both, including attorneys' fees incurred in the defense of this litigation; and

4. That Defendant be awarded costs of suit, disbursements, and such other and further relief as this Court may deem just and proper.

Dated: April 4, 2025

    /s/ Howard D. Swanson
HOWARD D. SWANSON (ND Bar ID #04075)
YUSUF ABAS (ND Bar ID #09828)
SWANSON & WARCUP, LTD.
1397 Library Circle   Suite 202
Grand Forks, ND   58208-2909
Telephone No. (701) 772-3407
hswanson@swlawltd.com

yabas@swlawltd.com
Attorneys for Defendants,
Fargo Park District

## DEMAND FOR TRIAL BY JURY

47. Defendants hereby demand a trial by jury of all factual disputes asserted by the Plaintiff.

Dated:  April 4, 2025.

 /s/ Howard D. Swanson
HOWARD D. SWANSON (ND Bar ID #04075)
YUSUF ABAS (ND Bar ID #09828)
SWANSON & WARCUP, LTD.
1397 Library Circle   Suite 202
Grand Forks, ND   58208-2909
Telephone No. (701) 772-3407
hswanson@swlawltd.com
yabas@swlawltd.com
Attorneys for Defendants,
Fargo Park District

### CERTIFICATE OF SERVICE

48. I hereby certify that on April 4, 2025, I filed the following documents:

- **Defendants' Answer to Plaintiff's Complaint and Demand for Jury Trial**

Electronically with the United States District Court for the District of North Dakota via the Court's CM/ECF system, thereby serving all parties of record by operation of the CM/ECF system.

*/s/ Howard D. Swanson*
HOWARD D. SWANSON (ND Bar ID #04075)
YUSUF ABAS (ND Bar ID #09828)
SWANSON & WARCUP, LTD.
1397 Library Circle   Suite 202
Grand Forks, ND   58208-2909
Telephone No. (701) 772-3407
hswanson@swlawltd.com
yabas@swlawltd.com
Attorneys for Defendants,
Fargo Park District
