UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| David A. Leker,<br><br>        Plaintiff,<br><br>v.<br><br>Fargo Park District,<br><br>        Defendant. | Case No.: 3:25-CV-59 |

### SCHEDULING/DISCOVERY PLAN

Pursuant to Rule 26(f), counsel for the parties certify that on **April 29, 2025**, they conferred to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring in good faith, counsel for the parties have agreed upon the following:

(1)    The parties shall make Rule 26(a)(1) initial disclosures by **June 27, 2025**.

(2)    The parties propose the following discovery plan:

    (a)    Discovery will be needed on these subjects (without limitation): Liability, fault, causation, damages and defenses.

    (b)    Disclosure, discovery, or preservation of electronically stored information ("ESI") should be handled as follows:

        The parties agreed that Plaintiff will prepare a draft ESI protocol for the Defendant's review, and the parties will work to reach agreement on the provisions of the ESI protocol. It is anticipated that the ESI protocol will

1

|     | |
| --- | --- |
|     | include provisions regarding ESI custodians, ESI sources (custodial and non custodial, ESI search terms, date ranges, any specifications for production format, and the inadvertent production of privileged information). |
| (c) | The parties have discussed any issues regarding preservation of discoverable information as follows: |
|     | Both parties have issued Litigation Hold Notices to their clients. Both parties recognize the need to preserve evidence. |
| (d) | The parties have discussed a possible need for a Protective Order as follows: |
|     | Neither party currently believes a Protective Order is necessary. If the need arises, the parties will discuss a stipulation for the issuance of a Protective Order. If an agreement cannot be reached, the parties will advise the court. |
| (e) | If this is a case that will involve the discovery of medical, mental health, employment, education, tax, or workers compensation records, the parties have agreed to the following with respect to who will secure these records and how the discovery of the records will be handled (*it will not be a sufficient answer that the parties have not addressed the issue or it will be considered later*): |
|     | The parties anticipate that this case will involve the discovery of employment and tax records. To the extent requested in discovery, the parties agree that the responding party will secure these records if they are in their possession, custody, or control. Where necessary, appropriate |

|     |     |
| --- | --- |
|     | releases or authorizations will be provided to the opposing party to obtain such records. |
| (f) | The parties have discussed privilege logs, including information to be included about documents over which privilege is asserted and any categories of documents which the parties agree need not be identified in privilege logs: |

> The parties have agreed that, to the extent a privilege log is needed, the producing party will produce privilege logs on a rolling basis, simultaneously with or shortly after each document production. Attorney-client communications that occurred after the parties retained counsel for this matter do not need to be disclosed in a privilege long, and any work product created after the retention of counsel (by either counsel or the parties) need not be disclosed on a privilege log.

(g)   The parties have agreed to the following maximum number of interrogatories: 30 per party.

(h)   The parties have agreed to the following maximum number of requests for admissions: 30 per party.

(i)   The parties have agreed to the following maximum number of requests for production of documents: 30 per party.

(j)   The parties have agreed to the following maximum number of depositions: 10 per party, including any Rule 30(b)(6) depositions.

(k)   The parties have discussed the possible need for depositions of organizations pursuant to Rule 30(b)(6) and will confer at least thirty (30) days in advance of any depositions of organizations about topics on which testimony is requested.

(l) The parties have agreed that any depositions taken only for presentation at trial will be completed at least 30 days prior to trial. If a witness becomes unavailable for trial after this 30-day period, a trial deposition may be taken of such witness.

(m) The parties have agreed that all fact discovery will be completed by the following deadline, with all discovery pursuant to Rules 33, 34, and 36 to be served a minimum of thirty-three (33) days prior to the deadline: **3/11/2026**

(n) The parties have agreed on the following deadline for discovery motions: **4/12/2026**

(o) An appropriate time for a mid-discovery status conference would be: **10/24/2025**

(p) The parties have agreed on the following deadlines for exchanging complete expert witness reports and taking the depositions of expert witnesses:

    1) Disclosure of Plaintiffs' expert reports: **5/11/2026**

    2) Disclosure of Defendants' expert reports: **7/1/2026**

    3) Disclosure of Plaintiffs' rebuttal experts: **7/22/2026**

(q) The parties have agreed on the following deadline to complete discovery depositions of expert witnesses: **10/12/2026**

(r) The parties have agreed on the following deadline to file any *Daubert* motions: **12/13/2026**

(3) The parties have agreed to the following deadlines for filing motions:

(a) motions to join additional parties: **7/28/2025**

(b) motions to amend pleadings: **8/27/2025**

(c) nondispositive motions (e.g. consolidation, bifurcation): **8/27/2025**

(d) dispositive and threshold motions (e.g. summary judgment, jurisdiction, qualified immunity, and statute of limitations): **11/12/2026**

(4)  The parties have discussed alternative dispute resolution and plan as follows:

☐  A court-hosted settlement conference;

☐  Private mediation; or

✓  Other (explain): ADR may be appropriate, likely after the parties have completed substantial discovery, and if ADR is pursued, private mediation would be the most viable option. The parties agree to continue discussing ADR as the case progresses.

(5)  The parties shall be ready to evaluate the case for settlement purposes by: 3/11/2026

(6)  The parties **will not** waive their rights to proceed before a district judge and consent to have a magistrate judge conduct all further proceedings in the case, including the trial, and order for entry of a final judgment.

(7)  Trial of this case will be by **jury**.

(8)  The estimated length of trial is 3-5 days.

**THE REST OF THIS PAGE LEFT INTENTIONALLY BLANK**

Dated: May 20, 2025

                /s/ *Howard D. Swanson*
HOWARD D. SWANSON (ND Bar ID #04075)
YUSUF ABAS (ND Bar ID #09828)
SWANSON & WARCUP, LTD.
1397 Library Circle   Suite 202
Grand Forks, ND   58208-2909
Telephone No. (701) 772-3407
hswanson@swlawltd.com
yabas@swlawltd.com
Attorneys for Defendant,
Fargo Park District

Dated: May 20, 2025

                */s/ Timothy O'Keeffe*
TIMOTHY O'KEEFFE (ND ID. #05636)
720 Main Avenue
Fargo, ND 58103
Phone:(701) 235-8000
Fax: (701) 235-8023
tim@okeeffeattorneys.coom
Attorney for Plaintiff,
David. A Leker

## ORDER

The parties' Scheduling/Discovery Plan is adopted as the Order of the Court, with the following modifications: a mid-discovery status conference is set for October 24, 2025 at 10:00 am by telephone. Plaintiffs shall initiate the call. The telephone number for chambers is 701-297-7070.

Dated this 20th day of May, 2025.

                */s/ Alice R. Senechal*
                Alice R. Senechal
                United States Magistrate Judge